**FILED & ENTERED**

JUL 10 2023

**CLERK U.S. BANKRUPTCY COURT
Central District of California
BY** gooch    **DEPUTY CLERK**

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

RIVERSIDE DIVISION

| | |
|---|---|
| In re:<br><br>FAWAZ ISSA HADDADIN and<br>MAYSOUN FAWAZ HADDADIN,<br><br>                      Debtors. | Case No.: 6:23-bk-12885-WJ<br><br>CHAPTER 13<br><br>**SCHEDULING ORDER** |

1      Commencing in March of 2020, the outbreak of COVID-19, also known as the

2  coronavirus, spread throughout the country and the world.  The federal courts closed that month

3  and, except for a brief period of time in the summer of 2020, remained closed until April of 2021.

4  During this period of time, the courts adapted and, in various ways, employed remote technology.

5      In particular, the court has used video technology to conduct chapter 13 confirmation

6  hearings and status conferences.  It appears this process has enhanced (considerably) the

7  convenience of these matters for the parties and the court.  Therefore, the court intends to continue

8  conducting such matters by video for the foreseeable future.

9      However, for several reasons, video hearings should occur separately from other matters

10  not handled by video.  In other words, the court avoids conducting video hearings at the same time

11  as in-person hearings.  Video hearings should occur on separate days and at separate times.

12

13      Therefore, the Court hereby ORDERS as follows:

14

15      1.    The status conference set for August 9, 2023 at 1:30 p.m. is hereby continued to

16  November 20, 2023 at 1:30 p.m.  The confirmation hearing currently scheduled for August 23,

17  2023 at 2:00 p.m. is hereby continued to November 20, 2023 at 1:30 p.m.  Counsel for the debtors

18  shall file and serve a notice of the continuance no later than July 17, 2023.

19

20      2.    The meeting of creditors is currently scheduled for August 9, 2023.  No later than

21  fourteen days prior to this meeting of creditors (and all future meetings of creditors), the debtors

22  shall comply with LBR 3015-1(m) and file and serve the secured debt payment history declaration

23  required in this case.  This topic is discussed in section III(L) on pages 32-35 of the procedures

24  order in this case which counsel for the debtors should review.

25

26      3.    If, after conducting the meeting of creditors, the trustee seeks dismissal of the case,

27  the trustee should file and serve a request to dismiss the case by August 11, 2023 either in the form

28  of (a) an objection to confirmation and a request to dismiss the case or (b) a motion to dismiss the

case. If the trustee does so, the deadline for the debtors to respond to any request by the trustee to dismiss the case filed by August 11, 2023 (whether as an objection to confirmation and a request to dismiss the case or a motion to dismiss the case) is August 18, 2023. Thereafter, the Court will review the pleadings and, in most instances, rule on the motion.

4.   If the case is not dismissed after the meeting of creditors, then the following procedures apply:

(a)   The trustee or any other party may file a motion to dismiss at any time or any other motions and the deadline for the debtors to respond to such motions shall be governed by the local rules.

(b)   If the debtors own their current residence, they should file (no later than October 30, 2023) a secured debt payment history declaration demonstrating that they have made all monthly post-petition mortgage payments from the petition date through October 2023. If the debtors own their residence but it is not subject to any mortgage, the declaration can be very short (i.e. a sentence or two) that simply states as much. If the debtors reside at property they do not own, they should file (no later than October 30, 2023) a declaration demonstrating that they have made all monthly post-petition rent payments (with proof attached).[1]

(c)   If the trustee supports confirmation then, after the debtors file the required pleading, the chapter 13 trustee should file, no later than November 6, 2023, a pleading stating as much and attach a worksheet with the proposed terms of confirmation. If the chapter 13 trustee does not support confirmation then, no later than November 6, 2023, the trustee should file a motion requesting dismissal which states all grounds for dismissal and includes a declaration in support of the motion. If the debtors have not made all post-petition mortgage or rent payments for all post-petition months, the trustee normally requests dismissal of the case. If, for any reason, the trustee does not do so, the proposed

---

[1] With respect to rent payments, in nearly all instances, post-petition obligations of assumed executory contracts or unexpired leases constitute administrative claims which must be paid in full pursuant to section 1322(a)(2).

terms of confirmation must (a) include provisions to cure all post-petition arrearages (as well as any pre-petition arrearage) and (b) provide for conduit payments for the monthly payments for the rest of the case.

(d)   The deadline for the debtors to respond to the trustee's pleading is November 13, 2023.  If the trustee seeks dismissal, the debtors should file an opposition brief to the dismissal motion no later than November 13, 2023.  If the trustee recommends confirmation, the debtors should state whether the debtors agree with the terms of confirmation proposed by the trustee.

(e)   The Court will review the pleadings and may issue a ruling without holding hearings on November 20, 2023 that (i) continues the matter, (ii) dismisses the case or (iii) grants other relief depending on various factors including, but not limited to, whether or not an agreement exists regarding confirmation, and whether or not the debtors have timely made payments and provided documents to the trustee during the case.  If no order is entered prior to November 20, 2023, all parties should check the Court's posted calendar the day before November 20, 2023.

IT IS SO ORDERED.

###

Date: July 10, 2023

Wayne Johnson
United States Bankruptcy Judge